OCHOA, APPELLANT, *v.* REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Mortgage Deed.

No. 380.—Decided December 16, 1918.

RECORD OF TITLE—LOAN—ACT OF ADMINISTRATION—ATTORNEY IN FACT.—Taking into account the letter and spirit of section 1615 of the Civil Code, the act of lending money on a mortgage in favor of the creditor is an act of administration and not one of strict ownership. Therefore, in order that the mortgage may be recorded in the registry it is not necessary to show that the agent was expressly empowered by the principal to perform the said act.

ID.—ID.—ID.—ID.—POWER OF ATTORNEY—CURABLE DEFECT.—In such a case the failure of the attorney in fact to show his power is a curable defect.

ID.—CIVIL STATUS—CURABLE DEFECT—CORRECTION OF DEFECT—MARRIAGE CERTIFICATE.—The failure of the registry to show the name of the spouse at the time the mortgaged property was acquired is a curable defect which can be corrected by presenting in the registry a certified copy of the marriage certificate.

The facts are stated in the opinion.

*Mr. Francisco Soto Gras* for the appellant.

The respondent appeared by brief.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By public instrument No. 63 executed before Notary Francisco Soto Gras on May 24, 1918, Adolfo Valdés y Ordóñez, as attorney in fact of Dolores Ochoa y Albornoz, a married woman, and the spouses Francisco Serrano Matos and Pilar Zayas Dones, entered into a contract by which the said spouses borrowed from Adolfo Valdés y Ordóñez, as such attorney in fact, the sum of $5,000 and created as security a mortgage on two rural properties described in the said instrument in favor of Dolores Ochoa y Albornoz. No power of attorney in favor of Valdés was copied into the deed or presented in the registry of property.

The instrument having been presented for record in the Registry of Property of San Juan, Section 2, the registrar

refused to record it for the reasons stated in the following decision:

"The mortgage created in this instrument is denied admission to record for the reason that although, according to article 138 of the Mortgage Law, the mortgage need not be formally accepted by the mortgagee, it is not shown that the attorney in fact, Adolfo Valdés Ordóñez, is expressly authorized by the principal, Dolores Ochoa y Albornoz, to lend money belonging to her, which power constitutes an act of *plenum dominium,* taking into consideration the provision of section 1615 of the Civil Code and the principles laid down by the Supreme Court in its decision of April 5, 1910, 17 P. R. R. 412. In lieu thereof a cautionary notice, as required by the act of March 10, 1902, is entered for the statutory period of 120 days, \* \* \* entries B and A respectively. Such entries are also subject to the curable defect of failure to show in the proper manner that Pilar Zayas Dones, who together with her husband, Francisco Serrano Matos, created the mortgage, is the same person to whom the said Francisco Serrano Matos was married when properties A and B were acquired."

The decision transcribed was appealed from to this court by the attorney for Dolores Ochoa y Albornoz.

Section 1615 of the Civil Code and the decision of this court in the case of *Villar* v. *Registrar of San Juan,* 17 P. R. R. 412, are not applicable to this case.

Said section 1615, in so far as pertinent, reads as follows:

"An agency stated in general terms only includes acts of administration. In order to compromise, alienate, mortgage, or to execute any other act of strict ownership, an express commission is required."

We understand that the act of lending money is an administrative act and not an act of *strict ownership* within the true meaning of these words and taking into account the letter and spirit of the section quoted. Besides, there is a great difference between borrowing money, as in the case cited, and lending money, as is shown by the character and effect of these acts.

For the foregoing reasons we conclude that the registrar

should have recorded the said mortgage, and as the power of attorney of Adolfo Valdés y Ordóñez was not presented in the registry, the record should have been made subject to the curable defect that the appointment and powers of the attorney had not been shown.

As to the curable defect assigned in the decision appealed from, the appellant alleges that it is vague because it is impossible to determine whether the defect consists in failure to show who was the wife of the debtor when the mortgaged property was acquired, or whether it is the opinion of the registrar that although the name of the wife appears in the original title deed, the fact of the marriage should be proved, or, finally, whether proof is required of the identity of the parties to the marriage.

It seems to us that the decision of the registrar is clear on this particular point, for he requires proof only that Francisco Serrano Matos was married to Pilar Zayas Dones at the time of the acquisition of the properties to which the registrar refers.

Said defect, which really exists, may be corrected easily, as we said in the case of *Delgado* v. *Registrar of San Germán,* 23 P. R. R. 654, and the most speedy and satisfactory way would be to present the marriage certificate.

The decision appealed from is reversed and the record of the said deed ordered, subject to the curable defect of failure to show the appointment and powers of the attorney and to the other curable defect assigned by the registrar in the said decision.

*Reversed.*

Justices Wolf, del Tojo, Aldrey and Hutchison concurred.